1
2
3
4
5
6

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

7   UNITED STATES OF AMERICA,                    CASE NO. CR-11-285-PHX-RJB

8                          Plaintiff,            ORDER DENYING DEFENDANTS
                                                 MOTION TO RETURN PROPERTY
9            v.                                  AND DENYING DEFENDANTS
                                                 MOTION TO COMPEL
10   IVORY CROW,

11                          Defendant.

12        This matter comes before the Court on defendant Ivory Crow's Motion to Return Property

13   Pursuant to Fed. R. Crim. P. 41(g) and 41(e) (Dkt. 307) and defendant Ivory Crow's Motion to

14   Compel (Dkt. 310). The Court has reviewed the pleadings filed in support of, and in opposition

15   to, the motions, and the file herein.

16                                    RELEVANT FACTS

17        On August 14, 2013, defendant pleaded guilty to 48 counts of theft of government funds

18   and 47 counts of bank fraud. Dkts. 260, 261, and 270. The underlying basis for the charges

19   involves the stealing and cashing of Treasury checks intended for 88 recipients in the amount of

20   $566,757.25. Dkt. 165. At the change of plea hearing, defendant admitted to knowingly

21   wrongfully cashing these checks, depositing some into three different bank accounts belonging

22   to three different women: Ms. Angela Deaner, Ms. Bystella Stewart, and Ms. Emilia Gracia. Dkt.

23
24

ORDER DENYING DEFENDANT'S MOTION TO
RETURN PROPERTY AND DENYING
DEFENDANT'S MOTION TO COMPEL - 1

1  224, at 20-25. Some of the stolen funds were ultimately seized or otherwise returned to the

2  Department of Treasury. *See* Dkt. 309.

3        Defendant argues, however, that the government 'stole' $70,000.00 from him when it

4  froze, or otherwise deprived him of, the following funds: (1) $22,000.00 in Ms. Stewart's

5  account; (2) $14,500.00 in Ms. Deaner's account; and (3) $26,000.00 in Ms. Gracia's account.

6  Dkt. 307.

7  PROCEDURAL HISTORY

8        On February 2, 2015, under Fed. R. Crim. P. 41(g), formerly Rule 41(e), defendant filed

9  a motion for return of property, requesting that $70,000.00 be returned to him as unlawfully

10  seized. Dkt. 307. On February 13, 2015, the government filed a response, alleging that the Court

11  lacks jurisdiction over defendant's motion and that no property belonging to defendant was ever

12  seized. Dkt. 309.

13        On February 23, 2015, defendant filed a motion to compel the government to 'unfreeze'

14  several of his accounts, apparently including accounts belonging to the three women. Dkt. 310.

15        On March 2, 2015, defendant filed a reply to the government's response to his motion to

16  return property. Dkt. 311. There, defendant appears to suggest that $70,000.00 was taken from

17  '[his] saving account.' *Id.*

18  DISCUSSION

19  **a. Motion to Return Property**

20  *1. Jurisdiction*

21        The government argues that the Court lacks jurisdiction over defendant's motion because

22  Fed. R. Crim. P. 41(g) governs searches and seizures, and no search warrant was ever issued to

23  seize any of defendant's property. Dkt. 309. The Court should reject this argument.

24

ORDER DENYING DEFENDANT'S MOTION TO
RETURN PROPERTY AND DENYING
DEFENDANT'S MOTION TO COMPEL - 2

1    Fed. R. Crim. P. 41(g) is not limited to property held following an unlawful search or

2    seizure. Any person aggrieved by "the deprivation of property" may file a Rule 41(e) motion to

3    require the government to return the property. *See* Fed. R. Crim. P. 41(g); *Gov't of Virgin Islands*

4    *v. Edwards*, 903 F.2d 267, 273 (3d Cir. 1990) (finding that, since the 1989 amendment, the rule

5    is no longer limited to property illegally seized).

6    Here, plaintiff appears to be aggrieved by the alleged deprivation of the funds in question.

7    Accordingly, the Court has jurisdiction over plaintiff's motion.

8    *2.  Merits*

9    To prevail on a Rule 41(g) motion, a criminal defendant must demonstrate that (1) he is

10   entitled to lawful possession of the seized property; (2) the property is not contraband; and (3)

11   either the seizure was illegal or the government's need for the property as evidence has ended.

12   *See United States v. Van Cauwenberghe*, 827 F.2d 424, 433 (9th Cir. 1987) (citing *Sovereign*

13   *News Co. v. United States,* 690 F.2d 569, 577 (6th Cir.1982), *cert. denied,* 464 U.S. 814 (1983);

14   *United States v. Hubbard,* 650 F.2d 293, 303 (D.C. Cir.1980); Fed. R. Crim. P. advisory

15   committee note; 3 C. Wright, *Federal Practice and Procedure* § 673, at 761–65 (2d ed. 1982)).

16   *See also United States v. Van Cauwenberghe*, 934 F.2d 1048, 1061 (9th Cir. 1991) ("[a]

17   defendant's Rule 41(e) motion for return of property, however, may be denied if the defendant is

18   not entitled to lawful possession of the seized property, the property is contraband or subject to

19   forfeiture or the government's need for the property as evidence continues.)

20   Here, defendant has failed to show that he is entitled to lawful possession of the property

21   in question. Although defendant argues that the government bears the burden of proof that it has

22   a legitimate reason to keep the property, defendant has admitted that he knowingly deposited the

23   stolen checks into the accounts in question. Dkt. 224, at 20-25. The government need not show

24

ORDER DENYING DEFENDANT'S MOTION TO
RETURN PROPERTY AND DENYING
DEFENDANT'S MOTION TO COMPEL - 3

1  that it has a legitimate reason to keep the funds. To prevail on his motion, defendant must show

2  that he is entitled to lawful possession of these funds; he has failed to satisfy this burden.

3        In addition, some of the accounts in question appear to belong to the three women, not

4  defendant. Even if these accounts belong to defendant, defendant has failed to show that he is

5  entitled to lawful possession of any of the funds in these accounts. As stated, defendant has

6  admitted that he knowingly deposited stolen checks into these accounts. Further, not all funds

7  had been returned to the Department of Treasury as defendant was ordered to pay restitution in

8  the amount of $129,828.68. Dkt. 269, at 4. As such, defendant has not shown that he is entitled

9  to any of the funds in the accounts in question.

10       Nor has defendant shown that the funds in question are not contraband or that the alleged

11  seizure was illegal. Even if the alleged seizure was illegal, defendant has failed to show that he is

12  entitled to lawful possession of these funds.

13       Accordingly, the Court should conclude that defendant's motion lacks merit.

14  **b.  Motion to Compel**

15       Defendant has filed a separate motion to compel, urging the Court to compel the

16  government to "unfreeze" several of bank accounts, which are allegedly his. Dkt. 310. Specifically,

17  defendant argues that the government "stole money from defendant's accounts. without ever

18  negotiating a forfeiture hearing in which [the government] froze [his] accounts upon 'themselves'

19  without the [Court's] knowledge."" *Id.*, at 1.

20       Defendant has cited to no authority supporting the basis for such a request. Even if such

21  an authority existed, defendant has failed to show that he is entitled to lawful possession of the

22  accounts/funds in question.

23       Accordingly, the Court should deny defendant's motion to compel.

24

CONCLUSION

For the foregoing reasons, defendant's motions lack merit. Accordingly, the Court should deny defendant's motion to return property and motion to compel. The Court should order that, if defendant files any documents in this case in the future, the Clerk will docket, but the Court will not act upon, any such documents.

Accordingly, it is hereby **ORDERED** that

Defendant Ivory Crow's Motion to Return Property (Dkt. 307) is **DENIED**.

Defendant Ivory Crow's Motion to Compel (Dkt. 310) is **DENIED**.

If defendant files any documents in this case in the future, the Clerk will file, but the Court will not act upon, any such documents.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 24th day of March, 2015.

ROBERT J. BRYAN
United States District Judge

ORDER DENYING DEFENDANT'S MOTION TO
RETURN PROPERTY AND DENYING
DEFENDANT'S MOTION TO COMPEL - 5